IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANA HOKIN and DANA HOKIN GRANTOR TRUST,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RICHARD HOKIN and RICHARD HOKIN REVOCABLE TRUST,<br><br>    Defendants. | CASE NO. _____<br><br>On Removal from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2019-CH-11396 |

**NOTICE OF REMOVAL**

Defendants, Richard Hokin ("Richard") and Richard Hokin Revocable Trust (the "Richard Trust") (collectively, "Defendants"), by their undersigned attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove the above-captioned action currently pending in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendants state as follows:

1. This is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, because it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. The Plaintiffs, Dana Hokin ("Dana") and the Dana Hokin Grantor Trust (the "Dana Trust"), commenced Case No. 2019CH11396 against Defendants, Richard and Century America, LLC ("CALLC"), in the Circuit Court of Cook County, Illinois, Chancery Division.

3. On November 22, 2019, Plaintiffs filed their Amended Complaint, adding the Richard Trust as a defendant. A true and correct copy of the Amended Complaint for Specific Performance and Other Relief is attached hereto as Exhibit A.

4. Plaintiffs seek cancellation and rescission of their contractual obligation to pay an existing debt owed to the Richard Trust, memorialized in a promissory note (the "Note"), based on extrinsic statements Richard allegedly made prior to her signing the integrated agreement between the parties. The Amended Complaint asserts four counts against Richard and the Richard Trust: (I) Specific Performance (Contract); (II) Specific Performance (Alternative Claim Based on Promissory Estoppel); (III) Fraudulent Inducement; and (IV) Breach of Fiduciary Duty solely against Richard. The Amended Complaint also asserts one count against Century America, LLC ("CALLC"): (V) Alternative Claim for Fraudulent Inducement.

5. On January 3, 2020, Richard and Richard Trust timely filed a Motion to Dismiss the counts asserted against them. The Motion to Dismiss was fully briefed, submitted to the Court, and taken under advisement on March 12, 2020.

6. On February 28, 2020, CALLC timely entered its appearance and filed a Motion to Dismiss Count V of the Amended Complaint, which was the only count asserted against it. CALLC's Motion to Dismiss was fully briefed by May 21, 2020.

7. On August 20, 2020, the Court ordered that both Motions to Dismiss were taken under advisement.

8. Nineteen months later, on March 22, 2022, Plaintiffs moved the Court to set a hearing date on the Motions to Dismiss, and on March 29, 2022, the Court again informed the Parties that it had taken both Motions to Dismiss under advisement and would rule by mail.

9. On February 1, 2023, the Court issued its Order on the two Motions to Dismiss, dismissing Count V of the Amended Complaint and dismissing CALLC as a defendant. In its Order, the Court held that dismissal of Counts I-IV was precluded by factual disputes. As to Count V, the Court held:

      The only exception is Count V, the only claim directly against CALLC, for fraudulent inducement. Plaintiff alleges no specific conduct on the part of CALLC other than being a signatory to the agreements, only arguing that Richard's actions (despite being allegedly done solely for his own individual benefit) should be imputed to CALLC. Further, CALLC as alleged does not even hold the Note, the same having been acquired by Richard in February 2016. Under such circumstances the court can find no basis for any claim against CALLC.

Consequently, the Court dismissed CALLC, there being no claim remaining against it.

## BASIS FOR FEDERAL JURISDICTION

10. Pursuant to 28 U.S.C. § 1441, Defendants remove this case to the United States District Court for the Northern District of Illinois, Eastern Division, which is the District Court and Division encompassing the place where the state court action has been filed.

11. Pursuant to 28 U.S.C. § 1332, this Court has original subject matter jurisdiction over this action in that it is a civil action between citizens of separate states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. CALLC should never have been a Defendant in this case, having been included by plaintiffs in bad faith to prevent removal.

### *Diversity of Citizenship*

12. Diversity of citizenship exists between the parties. Dana is a citizen of Illinois, and is the Trustee of the Dana Trust. *See* Amended Complaint at ¶ 2.

13. Richard is a citizen of Connecticut, and is the Trustee of the Richard Trust. *See* Amended Complaint at ¶ 5.

14. Complete diversity exists because Plaintiffs are citizens of Illinois, and Defendants are citizens of a state other than Illinois.

### *Amount in Controversy*

15. Plaintiffs seek cancellation and rescission of a Promissory Note in the aggregate principal sum of one million seven hundred thirty eight thousand nine hundred ten dollars

($1,738,910.00). *See* Exhibit A to Amended Complaint. The amount in controversy is greater than $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

16. This removal is timely under 28 U.S.C. § 1446(b)(3) and (c)(1) because Defendants removed this case within thirty days after entry of the order which, by dismissal of CALLC, makes this case removable.

17. Further, Plaintiffs acted in bad faith to prevent Defendants from removing the action within the one-year limit. This Court should find bad faith pursuant to 28 U.S.C. § 1446(c)(1) based on Plaintiffs' inclusion of CALLC (a limited liability company with Illinois members) as a defendant, notwithstanding their actual knowledge that Richard Trust had purchased the promissory note and not pleading any basis for any claim against CALLC. *See Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 292-93 (5th Cir. 2019) (affirming district court's holding that plaintiff acted in bad faith when it knew months before it dismissed non-diverse defendant that the evidence would not support a claim against it).

18. Plaintiff should not have included CALLC as a defendant in this matter because, among other reasons, it does not hold the Note Plaintiffs seek to rescind. Plaintiffs confirmed in the Amended Complaint that Dana learned in late October of 2019 that the Note was purchased by the Richard Trust on February 1, 2016. *See* Amended Complaint at ¶ 20.

19. Yet despite Plaintiff's awareness of this fact, Plaintiffs never pursued any discovery from CALLC during the *thirty-two months* the motions to dismiss were pending to ascertain whether it was a viable party to this case.

20. Such serious lack of diligence evinces bad faith. *See Keller Logistics Group, Inc. v. Navistar, Inc.*, 391 F. Supp. 3d 774, 780 (N.D. Ohio 2019) (finding bad faith was indicated by a lack of serious fact discovery against non-diverse party).

21. The Amended Complaint's failure to allege any actionable conduct on CALLC's part, other than simply being a signatory to the Note before it was sold and assigned to the Richard Trust, led to the Circuit Court's dismissal in its February 1, 2023 order: "Under such circumstances the court can find no basis for any claim against CALLC."

22. Plaintiffs have neither sought reconsideration of the Circuit Court's order nor leave to amend to state a claim against CALLC.

23. Thus, in addition to bad faith, Defendants satisfy the more stringent "fraudulent joinder" doctrine. There can be no "reasonable possibility that a state court would rule against the non-diverse defendant," *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), because the state court has already dismissed CALLC.

24. It follows that CALLC was fraudulently joined, which can likewise support a finding of bad faith. *See generally McVey v. Anaplan, Inc.*, No. 19-CV-07770, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020) ("[T]here could certainly be scenarios where bad faith and fraudulent joinder are congruent, and proof of fraudulent joinder simultaneously satisfies the requirements for bad faith.").

## FILING & NOTICE REQUIREMENTS

25. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the state court action are filed as Exhibit B.

26. As required by 28 U.S.C. § 1446(d), counsel for Defendants contemporaneously file a Notice of Removal with the Circuit Court of Cook County, Illinois which will advise Plaintiffs of this removal. A copy of such Notice of Removal, without exhibits, is attached as Exhibit C.

WHEREFORE, Defendants Richard Hokin and the Richard Hokin Revocable Trust remove this action to this Court and respectfully request that this Court find pursuant to 28

U.S.C. § 1446(c)(1) that plaintiffs acted in bad faith and/or fraudulently joined CALLC as a defendant in order to prevent defendants from removing the action.

    Respectfully submitted,

By: */s/ Tina L. Jonsson*
Robert A. Carson
Mark D. Brookstein
Tina L. Jonsson
Gould & Ratner LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
Telephone: (312) 236-3003
Facsimile: (312) 236-3241

6